[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15003
Non-Argument Calendar

_____

D. C. Docket No. 98-00439-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOMI BALOGUN,
a.k.a. Damon Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 24, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Yomi Balogun appeals his sentence of 24 months of imprisonment, which

was imposed for violations of the provisions of his supervised release. Balogun makes three arguments on appeal: (1) the district court improperly admitted hearsay evidence at his revocation hearing when the court permitted Balogun's probation officer to testify that Balogun had committed two offenses of identity theft while on supervised release; (2) the district court abused its discretion in denying Balogun's motion for a continuance; and (3) the district court was prejudiced against him. We reject each of Balogun's arguments and affirm the sentence.

## I. BACKGROUND

In 1999, Balogun pleaded guilty to one court of wire fraud and was sentenced to a term of 21 months of imprisonment followed by three years of supervised release. In 2000, after serving his term of imprisonment, Balogun was deported. Afterwards, Balogun illegally reentered the United States.

In 2003, Balogun's probation officer, Donna High, petitioned the United States District Court to issue an arrest warrant for Balogun, and the district court issued a show cause order. The petition alleged that Balogun had violated three provisions of his supervised release. In 2005, High amended the petition and charged Balogun with four violations: (1) Balogun illegally reentered the United States without the approval of the Attorney General; (2) Balogun had failed to

2

report for supervised release since his return to the United States; (3) Balogun committed identity-fraud offenses in Illinois; and (4) Balogun failed to pay restitution since his return to the United States and was $6200 in arrears. Balogun was arrested in Illinois in July 2005 and was transferred to the Northern District of Georgia to answer the charges in the petition.

Before his revocation hearing, the government agreed not to proceed on the identity-fraud charge, and Balogun agreed not to contest the other charges. At the hearing, the parties informed the district court of the agreement. The district court declined to accept the agreement and elected to hear evidence regarding the identity-fraud offenses. Balogun moved for a continuance to prepare a defense to the identity-fraud charges, which the district court denied.

The government presented testimony from High that Balogun had been arrested in 2002 in Illinois for identity fraud, and he had been deported in 2000. High authenticated documents submitted in support of her petition as police reports and investigative materials in connection with the charges of identity fraud in Illinois. Balogun objected to the testimony of High and the admission of the police reports as hearsay. At the conclusion of the hearing, the district court concluded that Balogun had violated the conditions of his supervised release and sentenced him to 24 months of imprisonment.

## II.  STANDARD OF REVIEW

We review the evidentiary rulings of the district court for abuse of discretion.  United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004); see United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).  Erroneous evidentiary rulings are subject to harmless error review.  Frazier, 26 F.3d at 114.  We also review the denial of a motion for a continuance for abuse of discretion.  United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000).

## III.  DISCUSSION

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic.  Defendants involved in revocation proceedings are entitled to certain minimal due process requirements."  Frazier, 26 F.3d at 114.  Among the due process requirements available at a revocation hearing is the right to confront adverse witnesses.  Id.  To admit hearsay, the district court "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation[,]" and the court must find that the hearsay is reliable.  Id.  Because the district court in Balogun's hearing did not make the finding described in Frazier, the district court erred when it admitted the hearsay evidence.  Our conclusion that the district court erred does not end our inquiry; the Frazier court

acknowledged that this error still may be considered harmless.  Id.

To establish that the sentence imposed was harmful, Balogun must satisfy a two-part test.  "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court explicitly relied on the information.  The defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence."  United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991) (internal quotations marks and citations omitted).  Balogun must satisfy both elements of Taylor to show that his sentence was harmful.

Balogun has not made either showing under Taylor.  First, Balogun has neither asserted that the police reports were false nor that he did not commit the crimes alleged.  Balogun has also not provided any sound basis for finding that the police reports were unreliable.  Second, Balogun cannot show that the hearsay actually served as the basis for his sentence.  Balogun admitted that he committed three of the four alleged supervised release violations, which subjected him to the maximum sentence of 24 months of imprisonment, and the district court stated that the first reason for the sentence it imposed was Balogun's illegal reentry.  See Taylor, 931 F.2d at 847-48; Frazier, 26 F.3d at 114.

Balogun's remaining arguments are without merit.  There is no evidence that

5

the district court was improperly biased against Balogun, and the district court did not abuse its discretion when it denied Balogun a continuance to prepare a defense to a charge in the petition. Although the government had agreed not to proceed on the identity-fraud charge, the district court was not bound by the agreement, and counsel was on notice to prepare a defense. Moreover, Balogun has not established how he was prejudiced by the denial of a continuance.

## IV. CONCLUSION

Balogun's sentence is

**AFFIRMED.**